Modeste Youssef MBEMBA, Petitioner,

v.

Michael MUKASEY, U.S. Attorney General,[1] Respondent.

No. 07–2255–ag.

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

Modeste Youssef Mbemba, Pro Se, Bronx, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General; Richard M. Evans, Assistant Director; Sada Manickam, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Modeste Youssef Mbemba, a citizen of the Republic of the Congo, seeks review of an April 27, 2007 order of the BIA affirming the September 7, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Modeste Youssef*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for for- mer Attorney General Alberto Gonzales as a respondent in this case.

*Mbemba,* No. A95 467 834 (B.I.A. Apr. 27, 2007), *aff'g* No. A95 467 834 (Immig. Ct. N.Y. City Sept. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

It is well-settled that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. Fed. R.App. P. 28(a)(9); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Here, Mbemba failed to challenge the IJ's adverse credibility determination in his brief to this Court. Rather than attacking the inconsistencies that formed the basis of the IJ's adverse credibility finding, Mbemba states in his brief that "there was no adverse credibility finding." [2] Even construing his *pro se* submission broadly to raise the best arguments it suggests, we cannot find that Mbemba has challenged the agency's adverse credibility finding. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006).

Accordingly, because we do not find that manifest injustice would result if we decline to reach the agency's adverse credibility determination, we deem any challenge thereto waived. *Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7. Because the finding stands as a valid basis for the agency's denial of Mbemba's application for asylum, withholding of removal, and relief under CAT, the petition for review is denied. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).

**2.** The likely source of Mbemba's confusion as to whether the agency made an adverse credibility finding is his former counsel, Alfonso F. Ramos, who argued in his brief to the BIA that "There was no adverse credibility finding against [Mbemba]," an assertion which was clearly in error. Although Mbemba may seek to reopen proceedings on that basis before the BIA, *see Cekic v. INS,* 435 F.3d 167 (2d Cir.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

2006), his waiver of the dispositive adverse credibility finding is fatal to his petition for review in this Court.

